No. 16,847.

ROGERS ET AL. *v.* FITZSIMMONS.

(257 P. [2d] 420)

Decided April 20, 1953. Rehearing denied May 11, 1953.

368

Mr. W. DAVID McCLAIN, Mr. EDWIN A. WILLIAMS, for plaintiffs in error.

Mr. GEORGE M. McNAMARA, for defendant in error.

*En Banc.*

MR. JUSTICE HOLLAND delivered the opinion of the court.

PLAINTIFF in error, Harold E. Rogers, defended an action in the trial court against demand for cancellation and rescission of a contract of purchase of a mountain-cabin property wherein it was alleged in the complaint that defendants had made representations concerning the dimensions of said property that were false and untrue or were made without regard to the truth or falsity thereof. The matter was tried to the court with an advisory jury, to which was submitted the following interrogatory: "Did the defendant Harold Rogers falsely represent a material fact to the plaintiff, Mary Fitzsimmons, knowing it to be false or with a reckless disregard of its truth or falsity and with the intent that it should be acted upon by the plaintiff, Mary Fitzsimmons, and that the plaintiff acted on said false representation, and that said Mary Fitzsimmons was damaged thereby?" This interrogatory was answered in the affirmative by the jury. Judgment of cancellation of the written contract involved was entered and defendants

were ordered to return to the plaintiff the amount of money she had paid on said contract, together with interest thereon, the total judgment being in the sum of $1,156.98 and costs. Error is assigned to this judgment.

Defendants were owners, in joint tenancy, of a mountain cabin located on a site near Hosea Lodge in the Denver Mountain Parks area, legally described as, "That part of Lots Seventy-four (74) and Seventy-five (75) South of road, Block Fifty (50) Cold Springs, Jefferson County, Colorado." Defendants listed this property for sale with a realty company for $2,500.00 in June of 1949. On June 23, plaintiff, defendant in error here, responded to an advertising of the sale of the property by inquiring at the realty company's office, and was taken by a member of the realty firm to view and inspect the property on that date. As a result of said inspection, plaintiff agreed to purchase the property and made a deposit on that date of $100.00 to bind the sale until a formal contract could be drawn. On June 27, 1949, plaintiff and defendant Harold E. Rogers met at the office of the realty company and in the presence of the members of the realty firm agreed upon the terms of a written contract of sale, which was duly signed by both parties; whereupon, plaintiff paid an additional $400.00, completing the down payment of $500.00, the balance to be paid on monthly terms as provided in the contract, and upon the completion of all payments, the property was to be conveyed free and clear of all liens and encumbrances with the exception of taxes—to be prorated—and an abstract of title was to be delivered. Plaintiff took immediate possession and used the property largely as a place to take her mother for relief from asthmatic attacks, and for the entertainment of friends, and not as a permanent living place.

Plaintiff alleged, and so testified, that she agreed to purchase the lots solely upon the representation by defendant Rogers that the lots were 25x175 feet in size,

which defendant Rogers denies having made, and he further stated that he never knew the dimensions of the lots. On September 27, 1949, plaintiff recorded the contract and made all payments thereon as they became due. In February of 1950, she listed the property with another realty company for sale, at which time the abstract of title was borrowed from defendants for examination purposes by a prospective buyer, who failed to go through with the purchase because it appeared that the lots were in fact only about 120 feet in depth, at about which time plaintiff discovered that the dimensions of the lots were not as she claims defendant Rogers represented, and within reasonable time, on June 10, 1950, filed this action for rescission and return of the money paid on the purchase price. She made two payments of $36.96 each, in accordance with the terms of the contract, after discovery of the alleged misrepresentation, and some payments after the filing of the suit, until she obtained an order from the trial court to make the payments on the contract into the registry of the court pending the termination of the action.

The other defendant, Laura I. Rogers, as joint tenant, was permitted to intervene. Defendants then filed their answer, admitting the contract and denying any representations as to the boundaries, width or depth, of the lots involved; alleged that plaintiff had made personal inspection of the property; that the contract contained full agreement of the parties; admitted the tender and acceptance of the checks made in payment in compliance with the terms of the contract; and as a defense, alleged that plaintiff waived her cause of action by tendering and paying the two checks after full knowledge of all the facts; that plaintiff had not made a bona fide offer to place defendants in status quo by tendering a quitclaim deed to remove the cloud placed on the title by the recording of the contract; and that, under the circumstances, if plaintiff has any remedy, it is one at law for damages, and not one in equity for rescission.

The substance of the errors claimed is that, the trial court erred as a matter of law in failing to hold that plaintiff had waived the right to rescission and cancellation when, after discovery of the alleged fraud, she continued to make the payments called for by the contract; and further erred in not holding that plaintiff's right of action, if any, was for damages and not for rescission and cancellation.

■ The pertinent part of the description of the property as set out in the written contract is, "That part of Lots Seventy-four (74) and Seventy-five (75) South of road, * * *." Ordinarily, such a description, on its face, is sufficient to direct the attenion of a buyer to the fact that the property thus described was less than the full dimensions of the two lots. It does not appear that notice of this particular description was taken by plaintiff; however, it does appear, according to her testimony, that the real-estate agent, at the time of taking her to first view the property, told her the property extended back to the mountain, which would be some distance from the cabin, and she further testified that a few days later at the time the written contract was prepared and executed, that before signing the contract, she asked defendant Harold E. Rogers about the size or dimension of the lots and was told that the lots were 25x175 feet. It appears that the parts of the lots as described in the contract, are only about 120 feet in depth. Defendant Rogers and the real-estate agent both deny making such a statement; however, that question was resolved against defendants by an interrogatory submitted to the jury on that specific question; therefore, if the jury, after observing the witnesses while on the stand, chose to accept plaintiff's statement, it is our duty to look at the evidence that would be favorable toward supporting the jury's finding, and, in the absence of any other outside factors, we must say that there is sufficient basis for the jury's affirmative answer to the interrogatory.

■ As to the contention that plaintiff waived her cause of action by making two payments pursuant to the terms of the contract following the discovery of the alleged fraud and payments after filing suit, we cannot say that she was guilty of laches before demanding rescission of the contract, because there is no showing of any change in the position of the parties that would make it inequitable for her to enforce the right of rescission, if she had one, on the grounds alleged; and we further say that under the circumstances here presented, she was entitled to preserve the status quo in the event rescission was denied her, by making the payments and fulfilling the other conditions of the contract. Defendants made no claim at any stage of the proceedings that they were placed to a disadvantage, or any change in their position would be affected by a rescission. They would receive back their property, and, as the testimony indicates, the value of the property had increased during the interim between the sale and the trial, and it had been covered by insurance, and the taxes thereon paid by plaintiff.

■ It cannot successfully be contended that the action of plaintiff in attempting to sell the property, was in any manner an affirmance of the contract, because her attempt to sell was before the alleged fraud had been discovered. As before indicated, this attempting to sell was the source of the discovery as to the dimensions of the lots, and after discovery of the alleged fraud, she did not enjoy actual occupancy of the premises, neither did she receive any benefits therefrom.

■ Plaintiff had the option of two remedies, either to affirm the contract and seek damages for its breach, or to seek equitable rescission, and she made an election between the two remedies. By complying with the terms of the contract, she preserved the status quo and protected her rights as well as those of defendants. Her offer, in a notice of rescission dated May 26,

1950, to return the contract and possession of the property, under the circumstances, is sufficient offer to restore status quo of defendants.

 The trial court determined that no liability was attempted to be proved by plaintiff against defendant Laura I. Rogers, the intervener. Counsel for plaintiff and defendant accepted the instructions given the jury by the court without any objections. Examination of the transcript of the testimony leads us to say that the trial court resolved the contentions accurately and capably in its findings of fact and conclusions of law, and therefore the judgement based on the findings, having full support in the record, will not be disturbed.

The judgment is affirmed.

MR. CHIEF JUSTICE STONE, MR. JUSTICE ALTER and MR. JUSTICE KNAUSS dissent.